What would you call the next case? 3-15-0287, the people of the state of Illinois, I believe, are Justin and Pelosi v. John Bailey, appellant v. Steve Barrow. Thank you, Mr. Brown. My name is Steve Barrow, with the Office of State Appellate Defender for the defendant appellant John Bailey. This case concerns the extended term sentence imposed. It's our position that the trial court improperly imposed an extended term sentence by misinterpreting its statutory language. An extended term sentence is allowed in certain limited circumstances. The relevant one here is where someone committed a previous offense that was of the same or similar class or a greater class of the offense for which they were being sentenced. And it's our position that the language similar class refers to the classifications of the offenses rather than the elements of the offenses, and the court should therefore consider the sentencing range. In this case, John Bailey entered an open guilty plea to the offense of aggravated domestic battery, which is a class 2 felony in Illinois, normal sentencing range of 3-7 years. The court sentenced him to an extended term of 12 years based on a prior California conviction for unlawful taking or driving of a vehicle. California does not apparently have a number of classifications as Illinois does of offenses that just have a felony or a misdemeanor. And so in this case, the California offense carried a maximum sentence of 3 years. And the trial court compared the elements of the prior California offense with the elements of the Illinois offense of possession of a stolen or converted vehicle and found that the elements were similar. And that's how it determined that Bailey was eligible for an extended term. However, it's our position that, again, the statutory language is referring to the classifications of offenses rather than the elements. And looking at other statutory provisions concerning sentencing enhancements in the Code of Corrections, we see that the language elements are specifically included. The words contains or contains the same elements is used in these other statutes. The statute regarding sentencing someone as a class X offender. The statute regarding mandatory sentence to the Department of Corrections. The statute regarding habitual criminal sentencing. They all specifically reference the elements of offenses. And this particular provision on extended term sentencing does not use the word elements. It just talks about a same or similar class or greater class felony. Now in Illinois, the classifications of offenses are essentially defined by a sentencing range. There are no elements necessarily in common with all class II felonies. Class II felonies are defined by a sentencing range of 3 to 7 years. In fact, it's just a shorthand for the sentence. That's what all the class II felonies have in common is a sentencing range of 3 to 7 years. So based on the fact that the legislature left this language out of this particular provision, even though it's in all these other provisions, we know that the legislature knows how to require courts to consider the elements of offenses and it decided not to do that in this case. General rules of statutory construction are that we're going to presume something different here and where elements is left out of it, what's left is class, which is classifications and sentence. And looking at the sentences in this case, Bailey's prior conviction carried a maximum of 3 years. The class II that he was being sentenced on here carried a sentencing range of 3 to 7 years. And it's clear that those sentences are simply not similar. A maximum of 3 years is similar to an Illinois class IV offense, which has a range of 1 to 3 years. The Illinois legislature certainly doesn't consider those to be similar classes. A class II is two classes away from a class IV, and we're talking about a maximum of 7 years, which is obviously more than double the maximum of 3 years. So comparing the sentencing ranges, the sentences aren't similar, and therefore we argue that this court should go on to find that the court erred when it imposed an extended term sentence and should send this case back, remand the case for resentencing within the non-extended term range for the class II felony that Bailey did guilty to in Illinois. And at this court, I'd be happy to answer any questions this court has, but that's all I have. I'll save my time for rebuttal. I have questions on your court costs issue. Absolutely. What were the total costs that the court ordered? The total costs? I'll have to take a look at the sheet real quick here. Oh, the total costs that the court ordered. Well... I have to check on that. I'm not entirely sure about the total costs in terms of number. Is it possible the order just says costs? Well, the order... Is that a total? The order doesn't include certain things. It's got the $5,000 fine, which is the thing that we're... One of the issues that we raised here... In terms of fine and fees, we raised two issues. One was that the clerk's assessment was too high and it should only be $100. The state pointed out that that actually included the mandatory 10% bond charge, and we conceded that that was correct, so there's not an issue to that. The remaining issue would be the $5 day credit, and we pointed to the $5,000 fine as something that was eligible for that, and that's something that the court certainly did order, so the state has agreed that he's entitled to. We have in the briefs a particular number of days and a calculation of the amount. On the issue of restitution, you didn't challenge the restitution order in this case, but the court ordered restitution to be paid. I think it includes like $4,000 for electronic monitoring. Was he out on it after he posted the $20,000 bond? Was he electronically monitored? I believe it's correct that he was electronically monitored. How does that qualify as restitution? Do you know? Well, I'm not sure if it would necessarily be defined as restitution or not, but it is. In the cost sheet provided by the clerk, the restitution I think is actually less than. The court ordered $14,000 for restitution, but it's about $11,000 in the fines and fees sheet by the clerk, and the separate charge of home confinement for $3,255. I was just curious why you didn't raise that issue because I think restitution is what is owed to the victim, and in this case there was an agreement that the hospital would be paid. But I don't know that restitution includes the fees that the sheriff charged. There's a lot of bond here, and everybody wants their share of the bond, but I was just curious why you didn't challenge that issue. Well, I could take a second look at it and consider filing a supplemental. If we agree with you that the sentence was improper, are you asking that we vacate everything and send it back to the trial court anew to look at fines, fees, costs, or only those that you've raised on appeal? Well, that would be appropriate if this court, on its own motion, finds inappropriately imposed assessments. I suppose it would be appropriate to vacate and just reimpose sentence. Thank you. Thank you, Mr. Burrell. Mr. Nicolosi. Good morning, Your Honor. May it please the Court, Counsel. Your Honor, Your Honor, the issue here, the main issue, is determining whether or not the trial judge abused his discretion in finding that the California conviction, the prior California conviction, was of the same or similar class as the felony in the incident case, the aggravated battery. The people submit that the trial judge did not abuse his discretion and that the California felony is of a similar class. The first thing's first is that people submit that the word similar, of course, does not mean the same. They don't have to be the same. They don't have to be the same class. Of course, again, California doesn't apparently have classes the way Illinois does. But we don't need to find that the sentencing ranges are exactly the same to affirm the trial judge's finding here. The people would submit that the California conviction was of the same class and that these classes are similar in that if you commit the crime in California, you can get three years. You can also get three years if you commit the same offense in Illinois. And a case, the defendant cites People v. Cabins, the people would submit alludes to the fact that the trial judge there did a similar tactic as the trial judge here in that he compared the Iowa kidnapping statute with the Illinois kidnapping statute. Now, not only does he, as the defendant states, did the judge in Cabins look at the sentencing ranges, the people would submit he also analyzed the statutes as a whole. Why else would he go and look at the equivalent offense in Illinois that resulted in the Iowa conviction? Is it appropriate to do both? Well, Your Honor, that's kind of up to interpretation the people would submit. Our interpretation? Well, the trial judge's interpretation because, again, this is determining what similar, the word similar means. Legal interpretation, isn't it? He's putting it on our hands, haven't you? By giving that decision. That legal decision that Justice Carter is referring to. Have I not made any sense? I don't know. I think you lost me a little bit, which is hard to do. The issue, it seems to me, is what the limits of the trial judge's review of the sentencing statute in California are. Can they include sentencing? Can they include elements? Your Honor, the people would submit that this is something of a case of first impression because I could not find, and counsel could not find, a case that necessarily states in black and white what the judge is to determine, to consider in this determination. The people would submit that it only makes sense to consider everything, consider the sentencing ranges, consider the elements as well. Would it be error not to consider everything? Not if, Your Honors, believe the correct result was achieved. And again, the people would submit the correct result was. Would it be a flaw, an error, for the judge to compare everything, only compare something? Well, Your Honor, I don't think it would necessarily be error in this case because the trial judge didn't have any precedent, any real case law, or he didn't have anything to tell him exactly what he needed to consider. And because the people believe his analysis was proper, that he didn't abuse the discretion that he had to make that decision, again, he didn't have any other guidance to figure this out. In the future, if this court or another court decides that this is specifically what a judge needs to consider when determining a same or similar class felony, in that case, then I would agree. Then it would be error to not consider what a future case would instruct the judge to consider. But we don't have that in this case, Your Honor. Well, we have the statute. Sure. But again, the statute doesn't tell you. But you have to follow it. Sure. Oh, of course. Of course. But it just doesn't tell you exactly what the judge, specifically what the judge has to look at. People submit that the judge can look at the elements, just as he did in this case. The people would submit that if this court did reverse the trial judge's decision, it would create somewhat of an absurd result because the people don't see why a defendant should benefit because a crime that he committed in another jurisdiction is criminalized less severely in this case than if he were to commit the same crime in Illinois. That would lead to an absurd result that just because California said, oh, this is a maximum of three years and Illinois says this crime is a maximum of seven years, why should a defendant receive that benefit? The people submit that would be kind of an absurd result. It's a question of interpretation of the statute, whether or not you can follow it or not. I'm sorry? It would be an interpretation of the statute whether or not you can increase the amount of time or not, right? Yes. Yes. The defendant has an interest in that, doesn't he? Sure. Sure, but again, I think my point is that interpreting it the way that the defendant requests would lead to absurd results in certain cases if a jurisdiction, say California, criminalized something less severely than Illinois did. Again, the people would submit that would be an absurd result and it would be in this case that people would argue. But again, in sum, the people submit that the word similar does not mean the same. The sentences in this case do overlap. The elements of the California case are equivalent to a Class II felony in Illinois and for those reasons, the people submit that the trial judge did not abuse his discretion in finding that the defendant, his criminal history warranted an extended term. Are there any other questions I'd be happy to answer? No. Thank you, Mr. Nicholas. Mr. Brown? I have a few points to rebuttal. The first is that the standard review here is de novo. We're talking about an issue of statutory construction and what the meaning of the term similar class is. There has to be a de novo review and even if Kevin's reviewed it for abuse of discretion, it's a Fifth District case and it was wrong. De novo review is also important for the consistency so that you wouldn't have a situation where one person in the court could find someone authorized for an extended term where they committed the same felony as another person and another person the trial judge may not find to be authorized to serve an extended term sentence. In terms of guidance, there is clear guidance in the statutory language and that's obviously binding in this situation. It doesn't mention the elements. That's an important consideration. As far as absurd results, there's nothing absurd about looking at the sentence rather than the elements. The legislature could have made a policy determination that there was something valid in the sentence. Obviously, it would make sense, sentencing-wise, that someone who had been subject to a prior sentence of a certain length, now you come in with another felony with the same sentencing range, the court can extend that to give them a greater degree of punishment. Does the trial court have to make a choice or can it include all of that? Well, the statute has excluded the elements language. So if it's excluded from the statute in this section and other sections that clearly state it contains the same elements, that suggests that no, it can't consider the elements. And again, the language uses classification. Classification means the sentence in Illinois. Is that based on statutory interpretation rules? Your premise that, and so what's the rule that you're utilizing? Yes, so it's essentially the idea that when the legislature uses certain language in one place and then uses a different language somewhere else, that that suggests that there's a different intent. So here the lack of elements language, and the use of the word, just the word class, reflects a different intent. Would there be anything in the statute of statutes, on statutes, to help out in this situation? Yes, well I believe I've cited case law that deals with questions of statutory interpretation. I think that's a pretty well-established principle that using certain language in certain places and not using another is indicative of the legislator's intent. And I think it was in this case. And so basically, where we have an indication of the legislator's intent, and there's a sound policy reason to do it, it's certainly not absurd to look at the sentence. And that's what would happen to any Illinois defendant. No Illinois defendant who's committed a previous Illinois, has a previous Illinois conviction, and comes in on another Illinois conviction, would ever face a situation where they're getting an extended term when they weren't facing the same range before. So for example, in Illinois, a defendant would have to commit a class 2 felony and have been subject to a class 2 sentencing range of 3 to 7 years, and then come back again on another class 2 and be subject to 3 to 7 again for the court to be authorized to give an extended term that exceeds the 7 years. So we're saying that that's a legitimate policy determination that Illinois could have made, that that sort of situation is going to apply to out-of-state people too. And it's worth noting that the similar class language does not, as the state contends, extend the application of the statute broadly. It basically means the same class. The reason that the similar class language was added was basically just because the legislature wanted to add consideration of out-of-state offenses in there. And out-of-state offenses aren't necessarily classified exactly the same way, but similar means same in terms of the sentencing ranges are very close. So otherwise, we'd be talking about similar, had a meaning that went beyond that, it would suggest maybe an Illinois defendant who previously committed a class 3 will now commit a class 2, and it's similar to a class 3, and that's never been interpreted with respect to Illinois defendants. So I don't think it would make sense necessarily to consider that. Out-of-state defendants either. Oh, another point I wanted to make was in terms of the Kavins language. It's true that in Kavins, a defendant was convicted of class 2 burglary in Illinois, and they had an out-of-state conviction for kidnapping, an Iowa conviction for kidnapping. It's true that the court compared the kidnapping offense, the trial court compared the kidnapping offense with the Illinois kidnapping offenses. But the trial court's finding was based on the sentence, and that's pretty clear on page 176 of the Kavins decision where it talks about the trial court's finding. The trial court compared the sentencing ranges and found that the maximum sentence of the kidnapping in Iowa is 10 years, and a class 2 in Illinois is 3 to 7 years, so that's what made them similar. And even said that the sentence could be similar to a class 1 in Illinois, and there's no class 1 charge of kidnapping in Illinois, and there wasn't then when Kavins was decided either. So clearly the trial court's finding was based on the sentence, and when the appellate court says that the trial court considered the relevant statutory provisions, it's talking about the fact that the trial court entered a finding with regard to the sentence. But nevertheless, again, Kavins is not dispositive here. The statute was dispositive, and it says similar class, meaning classifications, rather than the elements. If there are no additional questions, that's all I have. All right. Thank you, Mr. Perl. Thank you. And thank you both for your argument today. We will take this matter under advisement and get back to you with a written decision within a short period. I'm going to take a short recess for a moment.